IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICKY W. FOX,

    Petitioner

v.

COMMONWEALTH OF
PENNSYLVANIA, *et al.*,

    Respondents

CIVIL NO. 1:12-CV-0463

Hon. John E. Jones III

## MEMORANDUM

April 26, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Ricky W. Fox ("Petitioner" or "Fox"), an inmate presently confined at the State Correctional Institution Somerset ("SCI Somerset") in Somerset, Pennsylvania, initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2254. (Doc. 1.) He has paid the required $5.00 filing fee. (Doc. 5.) Accordingly, the Petition is before the Court for screening. For the reasons set forth below, the Petition will be dismissed for failure to exhaust state court remedies.

Fox's Petition seeks to challenge several aspects of parole revocation

proceedings that occurred in the Court of Common Pleas of Adams County, Pennsylvania, and which resulted in the entry of an Order by the sentencing court on November 28, 2011 revoking parole on a sentence that originally had been entered on October 2, 2009. (*See* Doc. 1 at 1.) The sentencing court re-committed Fox to a SCI for a period of thirty (30) to sixty (60) months. (*See id.*) Fox plainly admits with respect to each of the three grounds that he raises in the instant Petition that he has not exhausted his state court remedies. (*See id.* at 5, 7, 8.) However, in each instance, Fox states that he did not exhaust his remedies because he "just learned of appeals in state prison." (*See id.*)

As a general rule, a state prisoner must exhaust available state court remedies before seeking habeas relief in federal court. 28 U.S.C. §§ 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-20 (1982); *Toulson v. Beyer*, 987 F.2d 984, 986 (3d Cir. 1993); *Gibson v. Scheidemantel*, 805 F.2d 135, 138 (3d Cir. 1986). "Unless it would be patently futile to do so [state prisoners] must seek relief in state court before filing a federal habeas petition . . . ." *Santana v. Fenton*, 685 F.2d 71, 77 (3d Cir. 1982). The exhaustion requirement "is not a mere formality. It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights." *Gibson*, 805 F.2d at 138. A habeas corpus petitioner bears the burden of demonstrating that he has

2

satisfied the exhaustion requirement. *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000)(citing *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d. Cir. 1997)).

In the case at hand, it is apparent on the face of the Petition that Fox has not exhausted his state court remedies with respect to any of his grounds where he admits that he did not file an appeal to the Pennsylvania Superior Court from the sentencing court's order re-committing him to serve thirty (30) to sixty (60) months in prison. While federal courts may deviate from the exhaustion requirement and intervene in highly exceptional circumstances, such an exception would be justified only if a petitioner lacked any real opportunity to obtain redress in the state court, or if the corrective process was so clearly deficient as to render futile any effort to obtain relief. *See Duckworth v. Serrano*, 454 U.S. 1 (1981). Fox cannot meet these stringent requirements to obtain premature federal review of the legality of his confinement. In particular, we observe that Fox still has state remedies available to him. For example, although he states that he only recently has learned of his appeal rights, he does not state that he has attempted to file a motion with the trial court seeking leave to appeal from its order *nunc pro tunc*, *i.e.* requesting leave to file an appeal now even though the time period to file an appeal to the Pennsylvania

3

Superior Court has expired.[1] Fox also has not alleged or shown any deficiency or irregularity in the state corrective process or other justification sufficient to warrant exemption from the exhaustion rule. Accordingly, the policy behind exhaustion would best be served by dismissing the instant Petition, without prejudice to Fox's right to re-file, if necessary, after having fully exhausted his state court remedies.

An appropriate Order will enter on today's date.

---

[1] In Pennsylvania, a criminal defendant has thirty (30) days from the date a sentencing court's order to file a direct appeal with the Pennsylvania Superior Court. *See* 42 Pa. Cons. Stat. § 9545(b)(3); Pa. R. App. P. 903(a); Pa. R. Crim. P. 720(A)(3).